1:18MJ9141

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**AFFIDAVIT**

I, William Meholif, being duly sworn, hereby state as follows:

1.    I am currently a Special Agent with the Drug Enforcement Administration (DEA), where I have been employed since September 2007.

2.    From September 2007 to present, I have been assigned to both the DEA Cleveland District Office (CDO) and Eagle Pass, Texas Resident Office (EPRO). The CDO is a multi-agency working group formed for the purpose of investigating drug related offenses occurring in/or around the CDO designated area of responsibility. I have participated in narcotics investigations with the DEA.

3.    I have experience investigating drug trafficking offenses. I have participated in investigations involving cocaine, marijuana, methamphetamine, heroin, and various other controlled substances. These investigations have resulted in arrests, convictions, and the issuance of search warrants. I have received specialized training in the enforcement of laws concerning controlled substances as found in Title 21, United States Code. In connection with my duties as a Federal law enforcement officer, I have executed search warrants and have testified in numerous judicial proceedings for violations of laws concerning controlled substances.

4.    I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, section 2510(7), in that I am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

5.    This affidavit is being submitted for the limited purpose of establishing probable cause that Ramon R. Collins aka Ramone R Collins, age 36, has violated Title 21 U.S.C. § 841(a)(1) (manufacture, distribution, or possession with intent to distribute a controlled substance, namely 6-Monoacetylmorphine (a schedule I controlled substance), Diacetylmorphine [Heroin] (a schedule I controlled substance) and Fentanyl (a schedule II controlled substance). As such, this affidavit does not include every fact known to me regarding this investigation, but will seek to summarize the relevant information. The statements made in this affidavit are based in part on information provided by members of the Lorain County Drug Task Force (LCDTF)/Lorain County High Intensity Drug Trafficking Area as well as on your Affiant's own investigation of

1

this matter. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon Affiant's personal participation in the investigation as well as through information obtained from other law enforcement agencies. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by employees/Task Force Officers (TFOs) of the Drug Enforcement Administration (DEA), or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose forms Affiant has read and reviewed.  Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through law enforcement databases.

## PROBABLE CAUSE

6. On July 21, 2018, the Lorain County Drug Task Force (LCDTF)/Lorain County High Intensity Drug Trafficking Area Task Force utilized LCDTF Confidential Source (CS) in an attempt to conduct a controlled purchase of illegal drugs from Ramon COLLINS.

7. At approximately 10:41 a.m., the CS called Ramon COLLINS and asked if he was still able to supply one ounce of heroin. COLLINS said yes. The CS told COLLINS that he/she was putting the money up for a quarter ounce and that he/she had a partner who would be providing the money for ¾ of an ounce. The CS told COLLINS that he/she was going to make sure that his/her partner had the money to complete the deal.

8. At approximately 10:47 a.m., the CS called COLLINS again to tell him that his/her partner had his share of the money. The CS told COLLINS that he/she would call him back after his/her partner delivered the money to him/her.

9. At approximately 10:52 a.m., COLLINS called the CS to make sure that the money was still in order. The CS told COLLINS that he/she was still waiting for his/her partner to deliver the money and that he/she would call COLLINS back in a few minutes.

10. At approximately 11:02 a.m., the CS called COLLINS to tell him that he/she had the money ($2,240.00) for one ounce of heroin. COLLINS told the CS that he was going to take a shower and that he would be at the target location before 1:00 p.m. Shortly thereafter, the CS was then handed the buy money.

11. At approximately 11:35 a.m., the CS text COLLINS, "Chillin out my dude is trying to figure out how much longer it's gonna be?" COLLINS replied, "No longer than 1:00."

12. At approximately 11:40 a.m., COLLINS text the CS, "2380$ for the zip." COLLINS was apparently increasing the price of an ounce from $2,240 to $2,380. The CS replied, "All I got is the 2240." To which COLLINS replied, "Yea I did the math wrong so we

can put it on the bill." The CS replied, "That's cool we can talk that when u get here."
COLLINS replied, "Bet."

13. At approximately 12:27 p.m., the CS called COLLINS again to ask when he would be
arriving. COLLINS said that he was coming from clear across town and would be there
before 1:00 p.m.

14. At approximately 1:10 p.m., COLLINS text the CS stating that it would be 25
minutes per the GPS. The CS did not reply to the text. At approximately 1:13 p.m.,
COLLINS called the CS to confirm that he/she received the text.

15. At approximately 1:46 p.m., the CS called COLLINS who said that he was getting off
the exit.

16. At approximately 2:06 p.m., DEA Special Agent (S/A) Kris White advised that he
saw a dark colored Honda with a male fitting the description of the target. At
approximately 2:09 p.m., LCDTF Detective Larry Shepherd advised that a car was
pulling into the driveway located at 25052 Osborne Road, Columbia Station, Ohio.

17. At approximately 2:18 p.m., LCDTF Lieutenant Heath Tester, Detective Rich
Resendez, and Detective Craig Camp placed COLLINS under arrest as soon as he came
down the stairs and into the garage after the suspected drug transaction occurred between
COLLINS and the CS. When COLLINS was arrested, a search of his pockets had
$2,220.00 of the $2,240.00 of recorded buy money. COLLINS was found to have an
additional $571.20 cash in his pant pockets. COLLINS was stuffing his pockets as he
walked down the stairs from the target location just as he was being told to raise his hand
when he was taken into custody. Detective Resendez read COLLINS his Miranda
Warnings and COLLINS did not want to talk to law enforcement.

18. At approximately 2:21 p.m., LCDTF Detective Jim Valencic and Detective Vic Ortiz
met with the CS to take custody of the suspected heroin. The CS and the living room
were search for contraband. No contraband was found. (The CS and room were search
prior to the controlled purchase with negative results.) The CS was debriefed and the CS
stated COLLINS arrived and they went into the living room. COLLINS was handed the
money and the CS was handed the suspected heroin. COLLINS separated the money and
counted it several times. COLLINS was on the phone with someone during the drug deal.
COLLINS placed the separated money in both his front pant pockets after he counted the
money and left soon thereafter.

19. At a later date, the Lorain County Crime/Drug Lab tested the substance. The
substance was 28.39 grams of a mixture containing 6-Monoacetylmorphine (a schedule I
controlled substance), Diacetylmorphine [Heroin] (a schedule I controlled substance) and
Fentanyl (a schedule II controlled substance).

20. LCDTF Detective Resendez believes the CS to be reliable due to the following: the
CS's information has been corroborated as much as possible through investigative

1:18MJ9141

techniques to include the observation of the telephone calls, text messages, and the CS had previously made a controlled purchase from COLLINS.

William Meholif
Special Agent
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3,

4(d), and 4.1. on  this  31st day of July, 2018.

WILLIAM H. BAUGHMAN JR.
UNITED STATES MAGISTRATE JUDGE

4